**No. 25-50594**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**TREVER GUILBEAU, INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED; CHRISTOPHER O'MARA,
INDVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED; HENRY HERBERT, JR.,**

*Plaintiffs-Appellees,*

**V.**

**SCHLUMBERGER TECHNOLOGY CORPORATION,**
*Defendant –Appellant*

**Appeal from the United States District Court
Western District of Texas, San Antonio Division
Case No.: 5:21-CV-00142**

**On Appeal**

**BRIEF OF APPELLANT**

ROBERT P. LOMBARDI
SAMUEL ZURIK, III
BRYAN E. BOWDLER
BENJAMIN P. KAHN
**THE KULLMAN FIRM, P.L.C.**
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Tel: (504) 524-4162
Fax: (504) 596-4189
rpl@kullmanlaw.com
sz@kullmanlaw.com

**Attorneys for Appellant**

**Oral Argument Requested**

**CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Cir. Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Plaintiffs-Appellees:** | **Counsel for Plaintiffs-Appellees:** |
|---|---|
| Trever Guilbeau | Melinda Arbuckle |
| Henry Hebert, Jr. | Ricardo J. Prieto |
| Zachary Vogl | Wage and Hour Firm |
| Ali Mehio | 5050 Quorum Drive, Suite 700 |
| Branson Bennett | Dallas, Texas 75254 |
| David Puckett | |
| Jeffrey Fournier | |
| Usama Abdelghani | |
| Victor Welch | |
| Azu-Asonye Onwudebe | |
| Catherine Bordelon | |
| Tegrity Carrol | |
| Babacar Sagne | |
| Musab Hassan | |
| Thomas Brady | |
| Alexander Camacho | |
| Ahmed Orozco | |
| Justin Scott | |
| Casey Chrystal | |
| Dustin Barlow | |
| Richard Satterley | |
| Trevor Kuczadja | |
| Kenneth Anyiakak | |
| Ryan Edwards | |
| Magid Ibrahim | |
| David Blevins | |
| Steven Liffner | |

i

Francis F. Fournier, III
Jesus Plascencia
Justin Panter
Ian Berkland
Derrick Mouton

| **Defendant-Appellant:** | **Counsel for Defendant-Appellant:** |
|---|---|
| Schlumberger Technology Corporation | Robert P. Lombardi<br>Samuel Zurik, III<br>Bryan Edward Bowdler<br>Benjamin P. Kahn<br>The Kullman Firm<br>1100 Poydras Street, Suite 1600<br>New Orleans, LA 70163 |

**Entities Related to Defendant-Appellant:**

Schlumberger Holdings Corporation
Schlumberger Ltd.

*/s/Robert P. Lombardi*
Robert P. Lombardi

ii

## STATEMENT REGARDING ORAL ARGUMENT

This appeal is brought pursuant to the Court's granting of Schlumberger Technology Corporation's ("STC") Petition for Interlocutory Appeal (the "Petition"). The issue presented in the Petition was which of the Court's published authority governs the application of the salary basis test for otherwise exempt employees under the Fair Labor Standards Act's ("FLSA") Highly Compensated Employee exemption ("HCE"), as they are paid a qualifying salary and also receive additional compensation of a revenue-based bonus.

The district court recognized that the outcome of the case depended upon whether it should rely on *Gentry v. Hamilton-Ryker IT Sols., Inc.,* 102 F.4th 712 (5th Cir. 2024), and apply the reasonable relationship test to the Plaintiffs-Appellees' ("Plaintiffs") compensation, or whether it should follow *Venable v. Smith Int'l, Inc.*, 117 F.4th 295 (5th Cir. 2024), a more-recent published opinion with similar facts, and decide that the reasonable relationship test does not apply as STC paid the Plaintiffs an annual salary fully compliant with 29 C.F.R. § 541.602(a) ("602(a)").

Whether the reasonable relationship test applies to additional compensation to exempt employees is an issue that is currently dividing both district and appellate courts. STC respectfully suggests that oral argument would assist the Court in analyzing this issue.

4918-1778-2386, v. 1

# TABLE OF CONTENTS

**STATEMENT REGARDING ORAL ARGUMENT** ......................................... iii

**TABLE OF CONTENTS** ...................................................................... iv

**TABLE OF AUTHORITIES** ................................................................ vi

**STATEMENT OF JURISDICTION** ..................................................... 1

**STATEMENT OF THE ISSUES** .......................................................... 2

**STATEMENT OF THE CASE** ............................................................. 3

**I.  FACTS RELEVANT TO THE ISSUES SUBMITTED FOR REVIEW.** ........................ 3

**II.  RELEVANT PROCEDURAL HISTORY.** ................................................... 6

**III.  RULINGS PRESENTED FOR REVIEW.** ................................................. 11

**A. Issues Raised by the District Court's Order.  (ROA.3230-3269.)** ........... 12

**B. Issues Raised by the District Court's Reconsideration Order. (ROA.3790-3810.)** ................................................................. 13

**C. Summary.** ....................................................................... 14

**SUMMARY OF THE ARGUMENT** ..................................................... 15

**ARGUMENT** ................................................................................ 19

4918-1778-2386, v. 1

**I.    INTRODUCTION.** ....................................................................................**19**

**II.    STANDARD OF REVIEW** ....................................................................**21**

**III.    STC IS ENTITLED TO SUMMARY JUDGMENT.** ...............................**22**

**IV.    *VENABLE* MANDATES SUMMARY JUDGMENT IN STC'S FAVOR.** ...................**25**

**V.    THE REGULATIONS SUPPORT FINDING THE DDS ARE EXEMPT.** .................**28**

**VI.    THE DISTRICT COURT MADE ADDITIONAL ERRORS OF LAW THAT CONTRIBUTED TO ITS ERRONEOUS LEGAL CONCLUSION.** .....................................**38**

    **A.The Court Improperly Applied the Standard of Review for Factual Matters to Legal Issues** .........................................................................**38**

    **B.The Court Erred in Not Recognizing STC's Cognizable Claim Argument.** ...................................................................................**41**

    **C.The Court Erred in Finding that STC Was Equitably Estopped From Raising a Statutory Argument** ................................................**44**

**VIII.  STC IS ENTITLED TO SUMMARY JUDGMENT AS TO GUILBEAU AND THE DD COLLECTIVE.** ...................................................................................**47**

**CONCLUSION.** ...................................................................................**47**

**CERTIFICATE OF SERVICE** .................................................................**49**

**CERTIFICATE OF COMPLIANCE** .........................................................**49**

4918-1778-2386, v. 1

# TABLE OF AUTHORITIES

**Cases**

*Allen v. U.S.*,
  Nos. A-06-CA-076 LY, A-04-CR-028(1) LY, 2006 WL 1348198 (W.D. Tex.
  May 5, 2006) ............................................................................................................42

*Anani v. CVS RX Srvs., Inc.*,
  730 F.3d 146 (2d Cir. 2013) ....................................................................................44

*Baranowski v. Hart*,
  486 F.3d 112 (5th Cir. 2007) ...................................................................................21

*Benfield v. Magee*,
  495 F.3d 333 (5th Cir. 2019) ...................................................................................22

*Benvill v. Wheeler*,
  103 F.4th 363 (5th Cir. 2024) ..................................................................................22

*Blackwell v. Barton*,
  34 F.3d 298 (5th Cir. 1984) .....................................................................................41

*Boudreaux v. Schlumberger Tech, Corp.*,
  No. 6:14-cv-2267, 2022 WL 17422103 (W.D. La. Nov. 14, 2022) ......................28

*Boudreaux v. Schlumberger Tech. Corp.*,
  No. 6:14-cv-02267, 2022 WL 992670, (W.D. La. Mar. 30, 2022) ..... 6, 27, 28, 44

*Boudreaux v. Schlumberger Tech. Corp.*,
  No. 6:14-cv-02267-RRS-CBW, Order, Doc. No. 464 (W.D. La. Aug. 16, 2019).6

*Boudreaux v. Schlumberger Tech. Corp.*,
  No. 6:14-cv-2267, 2022 WL 17417265 (W.D. La. Dec. 5, 2022) ........................28

*Boudreaux v. Swift Transp. Co., Inc.*,
  402 F.3d 536 (5th Cir. 2005) ...................................................................................22

*Burnett v. McKie*,
  723 F. App'x 210 (4th Cir. May 21, 2018) ..............................................................42

*Carlisle v. Con. Rail Corp.*,
  Civ. A. No. 88-9752, 1990 WL 109896 (E.D. Pa. July 11, 1990) ........................42

*Carman v. Meritage Homes Corp.*,
  37 F. Supp. 3d 860 (S.D. Tex. 2014) ......................................................................42

vi

*Carter v. City of Charleston*,
   995 F. Supp. 620 (D.S.C. 1997) ........................................................................42

*Castellos-Contreras v. Decatur Hotels, LLC*,
   622 F.3d 393 (5th Cir. 2010) ...........................................................................11

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ..........................................................................................21

*Cleveland Air Servs., Inc. v. Pratt & Whitney Canada*,
   No. 4:13-cv-1610DMB-DAS, 2016 WL 7634674 (N.D. Miss. July 29, 2016)...45

*Cognizant Tech. Sols. Corp. v. Bohrer PLLC*,
   No. 21-CV-5340 (RA)(KHP), 2022 WL 1720319 (S.D.N.Y. May 25, 2022).....42

*Dedrick v. Berry*,
   573 F.3d 1278 (Fed. Cir. 2009) ........................................................................42

*EEOC v. LHC Grp., Inc.*,
   773 F.3d 688 (5th Cir. 2014) ...........................................................................21

*Ellis v. City of Garland*,
   No. 99-10906, 213 F.3d 636 (Table), 2000 WL 554280 (5th Cir. April 12, 2000)
   .........................................................................................................................42

*Fornesa v. Fifth Third Mort. Co.*,
   897 F.3d 624 (5th Cir. 2018) ...........................................................................46

*Forsyth v. Barr*,
   19 F.3d 1527 (5th Cir. 1994) ...........................................................................22

*Gentry v. Hamilton-Ryker IT Sols., Inc.*,
   102 F.4th 712 (5th Cir. 2024) ......................................................... iii, 10, 17, 19

*Gjetani v. Barr*,
   968 F.3d 393 (5th Cir. 2020) ...........................................................................41

*Greco v. Adult Diag. & Treatment Ctr.*,
   No. 05-3869(JAP), 2007 WL 4264544 (D.N.J. Dec. 3, 2007)...........................42

*Guerrero-Lasprilla v. Barr*,
   589 U.S. 221, 140 S. Ct. 1062 (2020)................................................................40

*Hawkins v. Fowler,*
   430 Fed. Appx. 229 (5th Cir. June 23, 2011) ....................................................21

vii

*Hebert v. FMC Tech. Inc.*,
 No. 22-20562, 2023 WL 4105427 (5th Cir. June 21, 2023) ...............................44

*Helix Energy Sols. Grp. Inc. v. Hewitt*,
 598 U.S. 39, 143 S. Ct. 669 (2023)................................................... 28, 29, 30, 33

*Higgins v. Bayada Home Health Care Inc.*,
 62 F.4th 755 (3rd Cir. 2023).............................................................................44

*Holladay v. Burch, Oxner, Seale Co., CPAs, P.A.*,
 No. 4:07-cv-03804-RBH, 2009 WL 614783 (D.S.C. Mar. 6, 2009)....................44

*Howsam v. Dean Witter Reynolds, Inc.*,
 537 U.S. 79, 123 S. Ct. 528 (2002).....................................................................42

*Hunt v. Cromartie*,
 526 U.S. 541, 119 S. Ct. 1545, 143 L. Ed. 2 731 (1999) ...................................21

*In re Schlumberger Tech. Corp.*,
 No. 24-50290, Pet. for Writ of Mandamus, Doc. No. 4 (5th Cir. Apr. 17, 2024)..9

*In re Schlumberger Tech. Corp.*,
 No. 24-50446, Order Denying Pet. for Writ of Mandamus, Doc. No. 36-2 (5th
 Cir. June 13, 2024)............................................................................................19

*In re Schlumberger Tech. Corp.*,
 No. 24-50446, Order, Doc. No. 24 (5th Cir. June 5, 2024)...................................9

*In re Schlumberger Tech. Corp.*,
 No. 24-50446, Pet. for Writ of Mandamus, Doc. No. 2 (5th Cir. June 6, 2024)....9

*In re Schlumberger Tech. Corp.*,
 No. 24-50466, Order, Doc. No. 36-2, at 4 (5th Cir. June 13, 2024) ....................10

*Johnson v. Villa Healthcare Mgmt., Inc.*;
 No. 21 CV 3629, 2023 WL 2266148 (N.D. Ill. Feb. 28, 2023) ..........................44

*Krim v. BancTexas Grp., Inc.*,
 989 F.2d 1435 (5th Cir. 1993) ...........................................................................22

*Little v. Liquid Air Corp.*,
 37 F.3d 1069 (5th Cir. 1994) .............................................................................22

*Litz v. Saint Consulting Grp., Inc.*,
 772 F.3d 1 (1st Cir. 2014)..................................................................................44

viii

*LSREF2 Baron, L.L.C. v. Tauch*,
   751 F.3d 394 (5th Cir. 2014) ...................................................................45

*Magnussen v. State*,
   2022 WI App 23, 975 N.W.2d 286 (Wis. Ct. App. 2022)....................................44

*Mills v. Davis Oil Co.*,
   11 F.3d 1298 (5th Cir. 1994) ...................................................................40

*Nevada v. U.S. Dept. of Labor*,
   275 F. Supp. 3d 795 (E.D. Tex. 2017)................................................ 23, 32

*Nola Spice Designs L.L.C. v. Haydel Ent., Inc.*,
   783 F.3d 527 (5th Cir. 2015) ...................................................................21

*Pillay v. Sysco. Sys., Inc.*,
   No. C 09-02226 MHP, 2009 WL 1631752 (N.D. Cal. June 5, 2009).................42

*Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909 (5th Cir. 1992), *cert. denied*, 506 U.S.
   832, 113 S. Ct. 98, 121 L.Ed.2d 59 (1992)............................................22

*Smith v. Ochsner Health Sys.*,
   956 F.3d 681 (5th Cir. 2020) ........................................................ 22, 23

*Smith v. Regional Transit Authority*,
   827 F.3d 412 (5th Cir. 2016) ...................................................................40

*Swales v. KLLM Transp. Servs., L.L.C.*,
   985 F.3d 430 (5th Cir. 2021) ............................................... 3, 12, 43

*Texas v. U.S. Dept. of Labor*,
   756 F. Supp. 3d 361 (E.D. Tex. 2024)................................................ 23, 32

*Tomaz v. MAX Ultimate Food, Inc.*,
   No. 19-10533-RGS, 2020 WL 5517458 (D. Mass. Sept. 14, 2020) ...................44

*Trottier v. FieldCore Srvs. Solutions, LLC,*
   No. 2:20-cv-186-Z-BR, 2022 WL 658765 (N.D. Tex. Mar. 4, 2022).................44

*U.S. v. Mackay*,
   757 F.3d 195 (5th Cir. 2014) ...................................................................41

*Venable v. Smith Int'l, Inc.*,
   117 F.4th 295 (5th Cir. 2024) ...................................................... passim

*Venable v. Smith Int'l, Inc.*,
   No. 22-30227, Brief of Def.-Appellee, Doc. No. 82 (5th Cir. Oct. 20, 2023) .......5

ix

*Walker v. Braus*,
  995 F.2d 77 (5th Cir. 1993) ................................................................41

*Wilson v. Schlumberger Tech. Corp.*,
  80 F.4th 1170 (10th Cir. 2003) ................................................ 4, 5, 27, 44

**Statutes**

28 U.S.C. § 1292 ...................................................................................1

28 U.S.C. § 1331 ...................................................................................1

29 U.S.C. § 213 ............................................................................... 31, 34

**Other Authorities**

69 Fed. Reg. 22122, *et seq.* (April 23, 2004)................................... 23, 33, 35

81 Fed. Reg. 32390, *et. seq.* (May 23, 2016).........................................23

84 Fed. Reg. 51230, *et. seq.* (Sept. 27, 2019) ................................... 23, 33

88 Fed. Reg. 62152, *et. seq.* (Sept. 8, 2023) .........................................23

Opinion Letter FLSA2020-2,
  2020 WL 122924 (U.S. Dep't of Labor, Jan. 7, 2020).........................44

**Regulations**

29 C.F.R. § 541.600 ....................................................................... 2, 12, 23

29 C.F.R. § 541.601 ........................................................................ 31, 36

29 C.F.R. § 541.602 ........................................................................ passim

29 C.F.R. § 541.604 ........................................................................ passim

4918-1778-2386, v. 1

## STATEMENT OF JURISDICTION

The district court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs assert claims under federal law, specifically, the FLSA, 29 U.S.C. § 201, *et seq.*

This Court has jurisdiction because: (a) on June 2, 2025, the district court certified two of its orders for interlocutory appeal under 28 U.S.C. § 1292(b); STC petitioned the Court within ten days of that Order; and (c) on July 28, 2025, this Court granted the Petition.

4918-1778-2386, v. 1

## STATEMENT OF THE ISSUES

I.     Where this Court held in *Venable v. Smith Int'l, Inc.*, 117 F.4th 295 (5th Cir. 2024), that when an employer pays exempt employees a salary compliant with 602(a), it is free to pay the exempt employees additional compensation without losing the exemption, and where the Plaintiffs-Appellees ("Plaintiffs" or "DDs") admit to meeting the duties test of the HCE, to being paid an annual salary exceeding the minimum salary level in 29 C.F.R. § 541.600(a) ("600(a)"), and having total annual compensation that meets or exceeds the HCE's threshold, which are all the requirements under the HCE exemption test, did the district court err in denying summary judgment to STC as the Plaintiffs' sole challenge to their exempt status was being paid a rig bonus that they characterized as day-rate pay?

II.     Where the district court authorized notice to the collective based on Plaintiffs' allegation that the common element consists of all DDs meeting the duties test of the HCE exemption, and being paid a salary but also receiving "day-rate" pay, and STC moved for summary judgment as to Plaintiff's collective action claim, which was based solely upon Plaintiff's reasonable relationship theory, should the summary judgment apply to the entire DD collective?

2

## STATEMENT OF THE CASE

### I.    FACTS RELEVANT TO THE ISSUES SUBMITTED FOR REVIEW.

Plaintiffs were employed by STC as Directional Drillers ("DDs"), and STC classified them as exempt employees under the HCE exemption.[1]   Plaintiffs acknowledge that they meet the duties test for exempt employees under the HCE. (ROA.2825; ROA.2929.)  Plaintiffs also admit that the terms of their employment included an annual salary paid on a bi-weekly basis that exceeded the minimum salary requirements required under 600(a) for exempt employees, which amount is not subject to reduction because of variations in the quality of quantity of the performed. (ROA.484)  They also concede that their total compensation exceeds the minimum requirement for the HCE.  (ROA.2929; ROA.3239.)  Thus, the DDs concede that they satisfy all of the required elements to qualify as exempt under the HCE.

Plaintiffs, however, contend they are not exempt because STC's practice of paying them a rig bonus that accrues on days billable to a customer converts them to day-rate employees.  (ROA.546; ROA.2827-2831.)  According to Plaintiffs, their

---

[1] The district court granted Plaintiff Guilbeau's motion to issue notice under *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021), additional individuals have joined the lawsuit, and this case is currently proceeding as a collective action.  In addition to Guilbeau, there is an additional named plaintiff, Christopher O'Mara, who worked as a Measurement While Drilling Specialist ("MWD").  (ROA.483)  The MWD's claims are not part of this appeal and, therefore, are not discussed in the relevant background sections.

3

rig bonuses are a "day rate" and their compensation must satisfy 29 C.F.R. § 541.604(b)'s ("604(b)") reasonable relationship test, which it does not. (ROA.482.)

The bonus at issue is part of a published bonus plan that provides a scheduled bonus rate for different services billed to the customer. (ROA.1684-1688.) This includes a minimum bonus for basic services and increased amounts for advanced or specialized services or other measures that increase STC's margin on the service, such as a reduced crew.[2] (*Id.*) Unlike day-rate pay, which is guaranteed pay that is payable in full if the employee works any part of the day and constitutes the employee's base pay, Plaintiffs' rig bonus is additional compensation that is not earned until all the conditions of the bonus plan are satisfied as the bonus plan specifically states STC's right to withhold payment for issues such as customer complaints, or serious safety or performance issues. (ROA.1688.)

This same bonus plan and theory regarding the reasonable relationship test were litigated in the Tenth Circuit by a STC MWD. *See Wilson v. Schlumberger Tech. Corp.*, 80 F.4th 1170 (10th Cir. 2003). That plaintiff, like the Plaintiffs here, specifically challenged his exempt classification based on the application of the reasonable relationship test. *Id.* at 1176. The district court agreed and instructed the jury to apply the reasonable relationship test. *Id.* at 1173. On appeal, the Tenth

---

[2] In other words, the bonus constitutes a sharing of a part of the revenue from the customer billing with the employees.

4

Circuit reversed, holding that the plaintiff was properly paid a salary under 602(a) and, because of that, the reasonable relationship test does not apply. *Id.* at 1179. Further, the Tenth Circuit held that 604(b) only applies when an employee's base pay is computed on an hourly, daily or shift basis and that the plaintiff's rig pay was *extra* compensation in addition to his base salary. *See id.* at 1177.

This Court addressed this same issue in *Venable*. Smith International, Inc. ("Smith") is an affiliated company of STC that uses a similar compensation plan.[3] *Venable*, 117 F.4th at 298. The plaintiffs in *Venable* received an annual salary that was paid on a bi-weekly basis and job bonuses that accrued on a daily basis for days when they worked on a customer's drilling rig. *Id.* The district court granted Smith summary judgment and, on appeal, this Court held that the plaintiffs were paid on a salary basis and that "additional compensation of a daily rate does not defeat their qualification for the bona fide executive exemption."[4] *Id.* at 300.

The Western District of Louisiana also recently issued judgment in a collective action brought by DDs and MWDs against STC.[5] *See Boudreaux v.*

---

[3] Smith identified Schlumberger Holdings Corp. as its parent company, and Schlumberger Ltd., its ultimate parent, as interested parties. *Venable v. Smith Int'l, Inc.*, No. 22-30227, Brief of Def.-Appellee, Doc. No. 82, at ii (5th Cir. Oct. 20, 2023). STC has disclosed these same interested parties here as they are also STC's parent company and ultimate parent. *See* Certificate of Interested Persons, *supra.*

[4] Additionally, the Court held that the plaintiffs performed exempt duties and were properly classified as exempt under the FLSA. 117 F.4th at 301.

[5] Like here, *Boudreaux* also involved FLSA claims asserted by both DDs and MWDs, however, prior to the district court entering final judgment, the parties settled the claims of the MWDs.

*Schlumberger Tech. Corp.*, No. 6:14-cv-02267, Judgment, Doc. No. 693 (W.D. La. July 3, 2025).  The district court granted summary judgment in STC's favor on the same issue.  *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-cv-02267, 2022 WL 992670, at *3–4 (W.D. La. Mar. 30, 2022).  The district court expressly stated that "Schlumberger's compensation structure does not require application of the 'reasonable relationship' test" and ultimately held that the seven DDs subject to STC's motions for summary judgment were properly classified as exempt pursuant to the HCE.  *Id.* at *4, *5–18.  Further, the *Boudreaux* plaintiffs affirmatively moved for summary judgment arguing that they were not paid on a salary basis based on the application of the reasonable relationship test; the district court denied the plaintiffs' motion for summary judgment.  *Id.* at *3–4, *18.[6]

## II.    RELEVANT PROCEDURAL HISTORY.

Plaintiff Guilbeau filed this case on February 12, 2021, in the U.S. District Court for the Western District of Texas.  (ROA.24-34.)  In response to STC's motion to dismiss, Guilbeau amended his Complaint on March 25, 2021; STC again moved to dismiss and filed its Answer to the Amended Complaint.  (ROA.95-110; ROA.111-126.)  The district court ruled against STC's motion to dismiss without addressing STC's arguments as to whether Plaintiffs' allegations stated a claim.

---

*Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-cv-02267-RRS-CBW, Order, Doc. No. 464 (W.D. La. Aug. 16, 2019).

[6] The plaintiffs have appealed.

6

(ROA.222-234.) Plaintiffs filed a Second Amended Complaint on May 4, 2022, in which Guilbeau added a second named plaintiff who worked for STC as a MWD and who likewise asserted claims under the FLSA; STC answered on May 25, 2022. (ROA.482-493; ROA.505-522.)

Plaintiffs, on December 22, 2022, moved the district court to allow them to issue notice. (ROA.544-560.) STC opposed the motion. (ROA.1710-1735.) The Motion for Notice Under *Swales* was referred to the Magistrate Judge for consideration and the district court held a hearing on March 1, 2023.

While the motion was pending, STC filed its Motion for Partial Summary Judgment ("MPSJ").[7] (ROA.2634-2658.) In the MPSJ, STC moved for summary judgment with respect to Plaintiff Guilbeau's and the collective's FLSA claim. (ROA.2638.) STC asserted that they were properly classified as exempt pursuant to the HCE. (ROA.2643-2645.) Specifically, STC argued that because Guilbeau's total annual compensation exceeded the HCE's threshold for the relevant years and that Guilbeau conceded that he performed exempt duties, the district court should grant summary judgment in favor of STC. (*Id.*) Plaintiff Guilbeau opposed the MPSJ arguing that because he received daily job bonuses, he was not paid on a salary

---

[7] At the same time, STC also filed its Motion to Defer Notice Pending Resolution of Threshold Issues. (ROA.2781-2797.)

7

basis as the ratio between his salary and his overall compensation failed 604(b)'s reasonable relationship test. (ROA.2820-2837.)

The Magistrate Judge issued a Report and Recommendation and Order. (ROA.2924-2954.) The Magistrate Judge recommended that the MPSJ be denied as she concluded that Guilbeau was not paid on a salary basis because his compensation did not satisfy 604(b)'s reasonable relationship test. (ROA.2928-2942.) With respect to Plaintiffs' Motion for Notice Under *Swales*, the Magistrate Judge granted the motion in part holding that because STC's DDs were paid pursuant to the same compensation plan, they were similarly situated.[8] (ROA.2942-2953.)

STC filed objections and, on March 5, 2024, the district court issued its order with respect to STC's objections (the "Order"). (ROA.2971-2887; ROA.3230-3269) The district court agreed that Guilbeau was not paid on a salary basis and, as a result, denied the MPSJ and overruled STC's objections. (ROA.3237-3256.) Further, the district court overruled STC's objections to the Magistrate Judge's order granting in part the Motion for Notice Under *Swales* and authorized notice be sent to a nationwide collective of all of STC's DDs paid pursuant to the same pay practice. (ROA.3257-3267.)

---

[8] The Magistrate Judge denied the Motion for Notice Under *Swales* with respect to a requested collective of MWDs. (ROA.2947-2951)

4918-1778-2386, v. 1

STC then sought leave for an interlocutory appeal with respect to the district court's Order (ROA.3270-3282) and to stay the case as there were two cases pending before the Court that would address the issues raised in the MPSJ. (ROA.3284-3292.) The district court denied STC's motion for an interlocutory appeal. (ROA.3343-3349.) STC the filed a petition for a writ of mandamus with this Court, docketed as *In re Schlumberger Tech. Corp.*, No. 24-50290, Pet. for Writ of Mandamus, Doc. No. 4 (5th Cir. Apr. 17, 2024). (ROA.3350-3393) The Fifth Circuit denied the petition because the district court had not yet authorized *the issuance* of the notice. (ROA.3399-3402.)

Plaintiffs then notified the district court and STC of their intent to proceed with the *Swales* notice process and the district court authorized notice to be issued. (ROA.3403-3404; ROA.3422-3424.) STC then renewed its petition for a writ of mandamus docketed as *In re Schlumberger Tech. Corp.*, No. 24-50446, Pet. for Writ of Mandamus, Doc. No. 2 (5th Cir. June 6, 2024). (ROA.3476-3519.) The Fifth Circuit temporarily stayed the proceedings in the district court while it considered the petition. *In re Schlumberger Tech. Corp.*, No. 24-50446, Order, Doc. No. 24 (5th Cir. June 5, 2024). (ROA.3569-3571.) In denying STC's renewed petition, the Fifth Circuit stated that STC may be correct in its contention, but there was no clear statement of the law on the application of the reasonable relationship test to a hybrid compensation structure. *In re Schlumberger Tech. Corp.*, No. 24-50466, Order,

9

Doc. No. 36-2, at 4 (5th Cir. June 13, 2024). (ROA.3581-3585.)  The Fifth Circuit also noted that there were two cases pending that might resolve the issue, *Venable* and *Boudreaux*, and suggested that the district court consider staying the matter until those cases were ruled upon. (ROA.3585)

The district court then stayed the case. (ROA.3600-3602.)  Later, the Court issued its published opinion in *Venable*. 117 F.4th 295.  Therein, the Court held that the reasonable relationship test did not apply to highly compensated employees, who were paid a 602(a) compliant salary. *Id*. at 299.  As such, the Court affirmed the grant of summary judgment in the defendant's favor, held that the plaintiffs were exempt, and held the employer was free to pay those employees additional amounts in any manner and any amount that it wished. *Id.* at 299-300.

After receipt of *Venable*, STC moved to lift the stay and for reconsideration of the district court's prior rulings. (ROA.3647-3659.)  The district court lifted the stay but denied STC's request for reconsideration (the "Reconsideration Order"). (ROA.3790-3810.)  The district court held that *Venable* potentially conflicted with the Court's earlier decision in *Gentry v. Hamilton-Ryker IT Solutions, L.L.C.,* 102 F.4th 712 (5th Cir. 2024).  Therefore, the district court concluded that it was free to not follow *Venable* and affirmed its prior rulings. (ROA.3807.)

10

STC petitioned the district court for permission to seek an interlocutory appeal, which it granted. (ROA.3815-3831; ROA.3879-3904.) STC filed its petition with the Court within ten days of the district court's order.

### III.    RULINGS PRESENTED FOR REVIEW.

In its Petition for Interlocutory Appeal, STC stated the issue as: "Did the court err in finding that *Venable* was not binding precedent and instead relying on *Gentry*?" (Pet. for App. by Permission, Doc. 4.)  The district court certified two of its rulings for interlocutory review: the Order adopting the Magistrate Judge's report and recommendation to deny STC's MPSJ and overruling STC's objections to the Magistrate Judge's order granting Plaintiff's Motion for Notice Under *Swales* (ROA.3230-3269.); and the Reconsideration Order denying STC's Motion for Reconsideration.  (ROA.3790-3810.)

As the district court noted in its order certifying the interlocutory appeal, this Court's consideration is not limited strictly to that question.  "The appellate court may consider any material issue in the certified order, even if omitted from a list of certified questions.  The issues or questions reviewed must only be material to the certified order."  (ROA.3881 (citing *Castellos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 398 (5th Cir. 2010) (citation omitted).)

Further, the case below is still proceeding, which has affected some issues. As an example, STC argued that Plaintiffs raised a threshold issue as they did not

11

state a cognizable claim. Therefore, pursuant to *Swales v. KLLM Transport. Srvs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021), notice should not be issued until this question is resolved. However, notice was issued and so that bell has been rung and cannot be unrung. Still, the question of whether Plaintiffs' "salary plus bonus equals day-rate" theory is a cognizable claim remains a live unresolved issue within the purview of this Court.

The primary issue is whether Plaintiffs are properly classified as exempt as they admit to satisfying the duties test of the HCE exemption, and the undisputed facts show that they are paid annual salaries that satisfy the requirements of 600(a) and 602(a), and received total compensation in excess of the HCE's threshold. Guilbeau's sole argument in opposition is that they were misclassified because they received rig bonuses in amounts that violate 604(b)'s reasonable relationship test.

Included within this general umbrella, the following legal rulings from the two subject orders impact this appeal:

**A.    Issues Raised by the District Court's Order. (ROA.3230-3269.)**

- Does 604(b) have any application to exempt employees properly paid on a salary basis pursuant to 602(a)?

- Did the district court err in finding that the daily rig bonuses for salaried employees *must* be reviewed under 604(b) rather than 604(a)?

- Did the district court err in determining that Plaintiffs' "salary plus bonus equals day-rate" theory did not raise a threshold issue as to whether Plaintiffs presented a cognizable claim but rather was part of STC's affirmative defenses to be decided at trial?

12

- Did the district court err in finding that STC was equitably barred from opposing notice by arguing that 604(b) exceeded the DOL's authority under the statute because STC did not also raise that same argument in its MPSJ?

- Did the district court err in dismissing STC's objection that the Magistrate Judge failed to consider its statutory argument by finding that the Magistrate Judge's silence in the report and recommendation meant implicitly that the argument had been considered and rejected?

**B.     Issues Raised by the District Court's Reconsideration Order. (ROA.3790-3810.)**

- Did the district court err in relying on *Gentry* and 604(b) rather than *Venable* and 602(a) in determining that the DDs' salary did not satisfy the salary basis test?

- Did the district court err in finding that 602(a) cannot include additional compensation for work during the "normal work week"?

- Did the district court err in finding that *Venable* did not specifically reject Plaintiffs' argument?

- Did the district court err in rejecting *Venable* based upon its conclusion that the *Venable* panel did not sufficiently, in the district court's opinion, address weekly basis or weekly rate issues (as *Gentry II* had done)?

- Did the district court err in stating there were material factual differences between *Venable* and *Guilbeau* as one case involved reamers and the other involved DDs, given that both positions met the duties test for the HCE?

- Did the district court err in determining that there were factual differences between *Venable* and *Guilbeau* because one is based on the affirmation of summary judgment and the other is based upon the denial of summary judgment?

13

- Did the district court err in determining that the Magistrate Judge's purely legal conclusion based on undisputed facts as to whether the rig pay constitutes a bonus or a 604(b) day-rate was entitled to deferential review and interpretation in a light most favorable to plaintiffs?

## C.    Summary.

The district court committed error as to each of the above issues/rulings and then used those erroneous conclusions to support its ultimately erroneous ruling that it was free to reject the Court's holding in its published *Venable* opinion. *Venable* is directly on point and controls the outcome in this case.

## SUMMARY OF THE ARGUMENT

STC is entitled to summary judgment.  There is no dispute of material facts. Plaintiffs admit that they satisfied the duties test of the HCE, that they were paid an annual salary satisfying the required salary level test, and that their total annual compensation exceeded the HCE's total income threshold.  Those are the facts necessary for the DDs to satisfy the HCE exemption.  Further, those are the same facts as in *Venable*, a published opinion of this Court that the district was obligated to follow.

Plaintiffs' sole contention is that their daily rig bonus removes them from the exemption because their bonuses do not bear a reasonable relationship to their 602(a) salary.  However, the rig bonus is a non-discretionary bonus plan.  That written plan clearly states the plan's terms, which include that it is only paid for days billable to a customer, that the total daily amount will vary based on the services provided, and that STC specifically reserves the right not to pay the rig bonus based on serious safety or performance issues.  (ROA.2754-2762.)  This clearly separates the plan from day-rate pay.

Moreover, the Court's *Venable* opinion mandates summary judgment as the Court held that employers who pay an employee a genuine salary compliant with 602(a) may pay employees additional compensation, in any amount and in any way, without losing the exempt status of the employees and that the reasonable

15

relationship test does not apply when an employer pays a 602(a) compliant salary. As this is a published opinion, it is binding upon the district courts, and the district court here is obligated to follow it.

The controlling statute, the plain text of the regulations, and the Department of Labor's ("DOL") explanation of the purpose for 604(b) and the reasonable relationship test, also support finding that 602(a), and *Venable* control here. Plaintiffs' arguments are contrary to all the above.

The controlling statute is clear. It exempts white-collar employees from both a minimum wage and overtime. As such, setting any minimum salary, which is essentially what Plaintiffs propose, potentially conflicts with the statute. The only reason there is a salary level in the regulations is to serve as a proxy for the level of responsibility and judgment of the employee, it is not to set a minimum wage. The DOL has historically established and set the salary threshold at a sufficient level such that it could be presumed the employee was exercising the duties and responsibilities necessary to meet an exemption. On the two occasions in which the DOL has sought to set a salary threshold above the level necessary to indicate the duties requirement is being met, the Eastern District of Texas has invalidated the rule. It is undisputed that the Plaintiffs meet the duties test.

Even though a salary is indicative of exempt status, the DOL provides an alternate path so that employees paid on an hourly, daily, or shift basis can still

16

qualify for an exemption if they have a guaranteed weekly wage at least equal to the salary-level requirement. The DOL was concerned, however, that such employees could be short-changed from their normal weekly pay during a short workweek if their typical weekly pay significantly exceeded their guarantee. To address this specific issue, the DOL introduced the reasonable relationship test. The reasonable relationship test obviously does not apply where the fixed salary amount is compensation for a week regardless of how much or how little work is performed during that week. That is why the regulation restricts the reasonable relationship test to employees whose base pay is computed on an hourly, daily, or shift basis.

The district court erred in relying on this Court's *Gentry* decision as the basis for its analysis. In *Gentry*, the plaintiffs were paid a guaranteed eight-hour's pay (based upon their hourly rate) and the same hourly rate for all additional hours worked. 102 F.4th at 716. Because their total compensation was calculated on an hourly basis, it squarely falls under 604(b). *Gentry* does not involve a salary at all. Thus, while *Gentry* correctly applies 604(b) and the Supreme Court's *Helix* decision, its analysis simply doesn't apply to employees receiving a base salary compliant with 602(a).

The Court made other errors as well. This includes rejecting some of STC's arguments because they were not raised in its MPSJ or finding that STC was equitably estopped from making a statutory argument.

17

The case below has not been stayed and notice has been issued to putative collective action members. STC's MPSJ sought judgment both as to the named Plaintiff and as to Plaintiffs' theory upon which it sought collective notice, that a salary plus a rig bonus equals a day-rate. Accordingly, STC is asking that the Court's judgment here be applied to all enrolled DDs.

## ARGUMENT

### I.    INTRODUCTION.

This is a collective action under the FLSA that, as this Court previously recognized, "hinges on which of two alternative regulations apply" with respect to whether Plaintiffs were properly classified as exempt from overtime. *In re Schlumberger Tech. Corp.*, No. 24-50446, Order Denying Pet. for Writ of Mandamus, Doc. No. 36-2, at 3 (5th Cir. June 13, 2024) (ROA.3581-3585). The issue is whether 604(b) and its reasonable relationship test applies to the hybrid compensation practice used by STC. The district court held that it does, relying on *Gentry v. Hamilton-Ryker IT Sols., L.L.C.*, 102 F.4th 712 (5th Cir. 2024). However, this Court recently held that the reasonable relationship test does not apply to a hybrid compensation practice substantially the same as this one in *Venable v. Smith Int'l, Inc.*, 117 F.4th 295 (5th Cir. 2024). Despite this, the district court decided to follow *Gentry* and discounted the precedence of *Venable* despite the significant factual overlaps. (ROA.3807.)

The district court, noting that it "harbored some concern that" *Venable* "could be construed in a manner that provides a pathway to successful summary judgment for" STC, certified two of its orders for interlocutory appeal. (ROA.3880; ROA.3903-3904.) The district court went on to describe how "as readily apparent from decisions of the last few years, the legal landscape has been shifting in this case

19

nearly since Plaintiffs' initial filing in February 2021." (ROA.3881.) According to the district court, the issue for interlocutory appeal "involves a potentially controlling issue of law depending on the interpretation of *Venable* versus *Gentry*." (ROA.3893.) "Further, although hotly disputed by the parties, given the numerous decisions in this case, as well as the shifting legal landscape, there is substantial ground for difference of opinion." (ROA.3895.) Lastly, it stated that if the Court takes up this appeal, it could mean that "this case will be effectively over." (ROA.3896.)

The district court erred in applying *Gentry* rather than *Venable*. *Venable* is on all fours with the facts in this case and controls the outcome. Indeed, this Court previously noted that the same question presented in this case was at issue in *Venable* when it was pending plenary review:

> [T]he same question presented in this case is at issue in two other cases pending before our court on plenary review—No. 22-30227, *Venable v. Smith International, Inc.* and No. 22-30819, *Boudreaux v. Schlumberger Technology Corp.*—including one that has already received oral argument.
>
> . . .
>
> Moreover, the question at issue here is already being considered by other panels of this court, and we decline to permit Schlumberger to use a mandamus petition as a tool to short-circuit the appellate process and leapfrog its case to the front of the Fifth Circuit's line.

20

(ROA.3584-3585.)  Moreover, this case raises a threshold issue that should be (and should have been) resolved before certification per *Swales*.

## II.    STANDARD OF REVIEW.

Summary judgment is proper where there is no genuine dispute as to any material facts, and the moving party is entitled to judgment as a matter of law.  *See Hawkins v. Fowler,* 430 Fed. Appx. 229, 331 (5th Cir. June 23, 2011) (*citing Hunt v. Cromartie,* 526 U.S. 541, 522, 119 S. Ct. 1545, 143 L. Ed. 2 731 (1999)).  "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'"  *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the initial burden is met, "the nonmoving party must 'go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'"  *Nola Spice Designs L.L.C. v. Haydel Ent., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *LHC Grp.*, 773 F.3d at 694).  The nonmovant must identify specific evidence in the record and articulate how that evidence supports his claim.  *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007).  The burden may not be satisfied "by 'some metaphysical doubt as to the material facts, by conclusory

allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Unsupported speculation is not enough, and the Court is not required to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) (citing *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n. 7 (5th Cir. 1992), *cert. denied*, 506 U.S. 832, 113 S. Ct. 98, 121 L.Ed.2d 59 (1992)).

A court of appeals reviews the denial of a motion for summary judgment on interlocutory appeal *de novo*. *See Benfield v. Magee*, 495 F.3d 333, 336 (5th Cir. 2019); *Benvill v. Wheeler*, 103 F.4th 363, 373 (5th Cir. 2024) (noting that a court of appeals has jurisdiction to review purely legal questions regarding the denial of a summary judgment). The Court has demonstrated that summary judgments are appropriate in FLSA cases. *See, Venable*, 117 F.4th at 298; *Smith v. Ochsner Health Sys.*, 956 F.3d 681, 683 (5th Cir. 2020).

## III.   STC IS ENTITLED TO SUMMARY JUDGMENT.

This Court set forth the elements for establishing summary judgment under the HCE in *Smith v. Ochsner Health Sys.*:

> An employee is exempt under the highly compensated category if he or she (1) is annually compensated at least $100,000.00; (2) customarily

22

and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee"; and (3) has within his or her primary duties the performance of office or non-manual work. The applicable regulation states that the "high level of compensation" that the HCE exemption requires is itself "a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties."

*Id.* at 684 (citations omitted). In addition to the above, the employee must also be paid on a salary basis, which is the sole issue Plaintiffs raise in challenging their exempt status in this case.

The regulations delineate the requirements for being paid on a salary basis in sections 600 and 602(a). Section 600(a) provides that an exempt employee must be paid at least $684 per week.[9] Section 600(d) provides that this amount may be satisfied by a weekly payment in that amount, or payments equivalent to $684 per week covering a longer period (such as two weeks or one month provided the compensation provides at least $684 per week). Section 602(a) provides:

---

[9] The DOL has amended these regulations several times. In 2004, the DOL amended the regulations to increase the minimum salary level to $455 per week and added the HCE exemption. 69 Fed. Reg. 22122, *et seq.* (April 23, 2004). IN 2016, the DOL increased the minimum salary level to $913 per week and increased the total annual compensation level under the HCE to $134,000. 81 Fed. Reg. 32390, *et. seq.* (May 23, 2016). The Eastern District of Texas entered summary judgment against the DOL holding this regulation invalid. *Nevada v. U.S. Dept. of Labor*, 275 F. Supp. 3d 795 (E.D. Tex. 2017). In 2020 the DOL increased the minimum salary level to $684 per week and the total compensation for the HCE to $107,432. 84 Fed. Reg. 51230, *et seq.* (Sept. 27, 2019). In 2023, the DOL increased the weekly compensation to $844 per week (with tri-annual increases) and the total compensation level under the HCE to $132,964. 88 Fed. Reg. 62152, *et. seq.* (Sept. 8, 2023). The Eastern District of Texas again granted summary judgment against the DOL and vacated these amendments to the regulations finding the amendment created a "salary only" test. *See Texas v. U.S. Dept. of Labor*, 756 F. Supp. 3d 361, 399 (E.D. Tex. 2024). Currently the DOL is enforcing the 2020 version of the regulation.

23

> An employee will be considered to be paid on a "salary basis" within the meaning of this part if the employee regularly receives each pay period on a weekly, or less frequent basis, a pre-determined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.

29 C.F.R. § 541.602(a).

STC is entitled to summary judgment as to the DDs because the undisputed facts clearly establish that it has met all the above requirements. Plaintiffs admit that they satisfy the duties portion of the HCE test. (ROA.1738.) That only leaves the salary issue.

Plaintiffs specifically admit to being paid on a salary basis. (ROA.484 ("At all times, Plaintiff Guilbeau earned a "salary" of $1,826.00 biweekly ($913.00 weekly) …").) Further, Plaintiffs admit that they were "paid partially on a salary basis." (ROA.485.) This is confirmed by their personnel files and their payroll files. (ROA.2018-2020; ROA.2692-2765.) Guilbeau's payroll file shows he was paid the equivalent of $913 per week on a bi-weekly schedule. (ROA.2765.)

Plaintiffs' only basis for bringing this action is Plaintiffs' novel theory that a 602(a) compliant salary plus daily bonus is a day-rate. Plaintiff has no case law to support such an argument. Accordingly, STC is entitled to summary judgment and notice should never have been issued to the collective.

## IV.    *VENABLE* MANDATES SUMMARY JUDGMENT IN STC'S FAVOR.

This Court issued its *Venable* opinion on September 4, 2024, and STC cited that opinion as its basis for reconsideration.  It is a published opinion and thus constitutes binding authority.

*Venable* states the same facts as here.  That is not surprising as Smith is an affiliated company to STC and utilizes substantially the same pay structure.  (*See* n.3, *supra.*)  Further, the duties are similar.  The reamers in *Venable* went to STC's customers' drilling rigs and assumed an advisory role where they oversaw the customers' employees performing reaming operations to ensure that they were doing those correctly and not damaging Smith equipment in the process.  117 F.4th at 298. This included advising the customers' employees on the performance of the operations.  *Id.*

> The compensation plan was the same as here:
>
> Smith's compensation scheme for reamers was bifurcated – an annual salary and daily-rate job bonuses.  Reamers' annual salary was paid bi-weekly and was not subject to reduction based on the quality or quantity of work performed.  In addition to their salary, reamers could receive job bonuses if they provided services to Smith's customers on the drilling rigs.  Each [r]eamer's total annual compensation exceeds $100,000.

*Id*.  That is identical to the facts here.

25

*Venable* found that this compensation plan complied with the requirements of 602(a) and satisfied the exemption. *Id.* at 299-300. Moreover, the Court specifically rejected the plaintiff's 604(b) arguments.

> Plaintiffs are not paid on an hourly, a daily, or shift basis, and therefore § 604(b) does not apply. Plaintiffs are paid an annual salary "which is not subject to reduction regardless of the number of hours or days worked and that salary more than satisfies the requisite minimum weekly salary requirement." The Appellants misinterpret the weekly salary basis to be a *payment in part*. This is not the case, however. The pay is a *guaranteed* annual salary. In addition to their annual salary, the appellants are given the opportunity to make additional compensation. For example, if an employee is present on a customer's rig, he is provided additional compensation at a day-rate, which is accounted for in his *total* compensation. This additional day-rate pay does not defeat the bona fide executive exemption, as the FLSA provides:

>> An employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee that at least the minimum weekly-required amount is paid on a salary basis.

> § 604(a). The employees are salaried employees of Smith, and the additional compensation at the daily rate does not defeat their qualification for the bona fide executive exemption.

*Id.* (emphasis in original).

*Venable* is a published opinion and, as such, is sufficient in and of itself. Even if this case was not controlled by *Venable*, the fact that two other cases involving this same argument, the same employer, and MWD or DD positions reached the same conclusion should be persuasive that compensation plan at issue is not subject

26

to 604(b) and satisfies the salary basis test.  These cases are *Wilson v. Schlumberger Tech. Corp.*, 80 F.4th 1170 (10th Cir. 2023), and *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-cv-02267, 2022 WL 992670, at *3–4 (W.D. La. Mar. 30, 2022).

The plaintiff in *Wilson* was a MWD alleging the same theory.  80 F.4th at 1173.  The Tenth Circuit framed the issue before it as:

> The question then is whether § 541.604(b) applies when an employee receives *additional compensation* on an hourly, daily or shift basis, or if the regulation only applies when an employee receives his *base compensation* on an hourly, daily or shift basis.  That is, does sub-section (a) apply to employees like Mr. Wilson who received a fixed base salary plus extra compensation paid in any manner, including hourly.

*Id.* at 1176 (emphasis in original).[10]

The Tenth Circuit concluded:

> Based on the text, explanatory illustrations in the regulation, and persuasive case law, we conclude § 541.604(a) covers employees who receive a fixed base salary above the FLSA minimum plus additional compensation that is paid on any basis, including time.  Subsection (b) applies only to employees whose base compensation is computed on an hourly, daily or shift basis.

*Id.* at 1176.

*Boudreaux* is identical to this case.  It involves the same position, DDs, the same employer, STC, and the same bonus plan.  *Boudreaux*, 2022 WL 992670, at

---

[10] The Tenth Circuit noted that the bulk of Mr. Wilson's compensation came from his rig bonus "for example in 2014 before the price of oil dropped), Mr. Wilson's rig-rate payments totaled $72,150.00, while his bi-weekly salary payments totaled $28,812.90." *Id.* at 1175.

*1, *4.  After the Supreme Court issued its decision in *Helix Energy Sols. Grp. Inc. v. Hewitt*, 598 U.S. 39, 143 S. Ct. 669 (2023), the plaintiffs in *Boudreaux* moved for summary judgment arguing that STC's compensation plan did not comply with the reasonable relationship test.  *Boudreaux*, 2022 WL 992670, at *3.  The district court denied the plaintiffs' motion for summary judgment holding that STC's "compensation structure does not require application of the 'the reasonable relationship' test."  *Id.* at *4.

Instead, the court granted summary judgment in favor of STC with respect to seven of the plaintiffs holding that they were properly classified as exempt under the HCE.[11]  *Id.* at *5–18.  The district court characterized the DDs' pay as a "hybrid compensation structure" consisting of both a salary that satisfied the requirements of 602(a) and additional pay.  *Id.* at *4.  As the salary portion fully satisfied the exemption test, the employer was free to pay the employees additional amounts at a daily rate, and the reasonable relationship test did not apply.  *Id*.

## V.    THE REGULATIONS SUPPORT FINDING THE DDS ARE EXEMPT.

The district court noted that the issue here is whether *Gentry* or *Venable* is controlling.  *Gentry* held that employees paid on an hourly basis were subject to 604(b), on the other hand *Venable* held that employees who are paid a salary that

---

[11] In a later decision, the court granted STC's motion to decertify the collective of DDs.  *Boudreaux v. Schlumberger Tech, Corp.*, No. 6:14-cv-2267, 2022 WL 17422103 (W.D. La. Nov. 14, 2022), *report and recommendation adopted by* 2022 WL 17417265 (W.D. La. Dec. 5, 2022).

28

complies with 602(a) are not subject to 604(b), even if they receive time-based additional pay.[12]  A proper reading of the regulations and *Venable* shows that this case is governed by 602(a).

The Supreme Court took up the salary basis requirement in *Helix*, which involved a highly compensated day-rate employee.  Helix argued that as one day's pay satisfied the salary level requirement, Helix had satisfied the salary basis test. The Supreme Court held that one day's pay never constitutes a weekly salary under 602(a).  *Helix*, 598 U.S. at 54 n.5.

Even though the Supreme Court was not called upon to address, and, therefore, did not address, a hybrid compensation structure or if the reasonable relationship applied to a compliant 602(a) salary, it did distinguish between 602(a) and 604(b).  The Supreme Court noted that there was an alternative to 602(a) for satisfying the salary requirement for the white-collar exemptions.  *Id.* at 55.  Those employees must meet the two requirements of 604(b): a weekly guarantee and a reasonable relationship between the guarantee and their "usual earnings."  *Id.* at 47 (citing 604(b)).

---

[12] The district court states that the only issue is whether STC paid the DDs on a salary basis. (ROA.3239.)  ("Indeed, the parties identify no material factual dispute" (*Id.*)  "The only element at issue here is whether Defendant paid Guilbeau and other DDs on a salary basis."))  The fact is, Plaintiffs admit to being paid on a salary basis as defined in 602(a). (ROA.484.)  The issue is that the court erred in its attempt to apply 604(b) to employees receiving a 602(a) compliant salary.

As Hewitt was not paid a salary, the Supreme Court did not address the application of the reasonable relationship test in the context an employee paid on a salary basis meeting the requirements of 602(a) and who receives additional compensation, other than saying that the plaintiff was not paid a salary under 602(a) and that 602(a) and 604(b) are separate methods for satisfying the salary requirement. *Id.* at 50 n.3 ("[W]e show that 602(a) and 604(b) are independent routes for satisfying the HCE rule's salary basis-component . . . .").

Since the Supreme Court issued that opinion, the plaintiffs' bar has been attempting to stretch *Helix*'s holding to any compensation plan for which there is arguably an hourly or day rate component, even if the plan has a salary component clearly complying with 602(a). That is not what *Helix* says. This Court confirmed that in *Venable*. An employer is free to pay an exempt employee under a bifurcated compensation plan consisting of both "an annual salary and daily-rate job bonuses" without being subject to the reasonable relationship test under 604(b). *Venable*, 117 F.4th at 299–300.

> Section 602(a) states:
>
> An employee will be considered to be paid on a "salary basis" within the meaning of this part the employer regularly sees each pay period on a weekly, or less frequent basis, a pre-determined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.

29 C.F.R. § 541.602(a).

30

The DDs do not dispute the fact that their salaries meet the requirements of 602(a). And 602(a) plainly states that the employee's salary does not have to be the employee's sole compensation. Nor does it specify any limitations on the amount of additional pay that an employee may receive, how that additional pay is calculated, or any required percentage between the total compensation and the salary portion of the compensation.[13]

On its face, the regulation creating the HCE, 29 C.F.R. § 541.601 ("601"), violates the reasonable relationship test if Plaintiffs' argument is accepted, as its base compensation requirements allow a three-to-one ratio between salary and total compensation. The reason why 601 allows such a large difference between the required minimum salary and the allowance for total compensation is simple. To do otherwise would potentially put the regulation in violation of its controlling statute. The FLSA specifically exempts qualifying white-collar employees from both a minimum wage and overtime pay. 29 U.S.C. § 213.

Plaintiffs, by their theory, are attempting to convert the reasonable relationship test into a minimum wage indexed on total income: the more your total

---

[13] In fact, 29 C.F.R. § 541.601 proves that the regulations do not contemplate any relation between the salary basis requirement and total compensation. Section 601 specifies that an employee is exempt under HCE exemption as long as the employee satisfies the salary level requirement under § 541.600 and his total compensation from all sources in excess of $107,000.00. The minimum salary level is equivalent to an annual salary of $35,568. Dividing the $107,000 times the annual salary level allows total compensation to be in excess of three times the annual salary. So accordingly, the reasonable relationship test cannot be applied to an HCE employee who qualified by virtue of having a 602(a) compliant salary.

income, the more your required minimum salary must be. Further, as Plaintiffs admit to meeting the duties requirement, they are attempting to convert the exemption test to a salary only test. Even more egregiously, Plaintiffs make this argument on behalf of DDs earning annual salaries in excess of $47,000 and total compensation in excess of $200,000.

The Eastern District of Texas has twice entered summary judgment against the DOL for raising the exempt salary level to the point where the exemption test became a salary only test. *See Nevada v. U.S. Dept. of Labor*, 275 F. Supp. 3d 795 (E.D. Tex. 2017); *Texas v. U.S. Dept. of Labor*, 756 F. Supp. 3d 361 (E.D. Tex. 2024). In its more recent opinion, the Eastern District specifically rejected automatically indexing a minimum salary level every three years as contrary to the governing statute.

> [T]here is no basis to conclude that the automatic revision of the minimum salary level . . . every three years into the future, will have anything to do with changes in EAP-exempt employees' duties. Instead, the Automatic Indexing Mechanism is tied exclusively to a percentile of average salary levels . . . . Thus, the Automatic Indexing Mechanism is untethered to the operative terms of the EAP Exemption. As this Court previously observed, . . . [n]othing about these employees' jobs will have changed. . . . Rather, the only changes determining their status will be increases to the minimum salary level. . . .

*Id.* at 394 (internal quotations omitted).

What the Eastern District of Texas specifically rejected is precisely what Plaintiffs are proposing here. Plaintiffs say the minimum salary to qualify for the

32

exemption must be indexed based on total compensation. Such an argument is contrary to the intent and language of that statute and totally outside the intent of the DOL in establishing either a minimum salary level or the reasonable relationship test.

The DOL was clear when it first established the salary level requirement as to its purpose. The DOL was using the salary as a proxy for the level of responsibility and judgment of the employee.

> The salary tests, even though too low in the later years to serve their purpose fully, have amply proved their effectiveness in preventing the misclassification by employers of obviously nonexempt employees, thus tending to reduce litigation.

69 Fed. Reg. 22122, 22165 (Apr. 23, 2024).

The DOL set the salary at what it considered the minimum level at which it was reasonable to assume that the employee was exercising sufficient judgment and responsibility to qualify for an exemption. Raising it above that level converts what was meant to be a duties and responsibilities evaluation to essentially a salary test, or in the present case a salary only test as shown by the *Nevada* and *Texas* cases.

Justice Kagan noted in her *Helix* opinion that being paid on a salary basis was one of the indicators of being an exempt employee: "The basic idea . . . is that an employee can be a bona fide executive only if he receives a 'predetermined and fixed salary.'" *Helix*, 598 U.S. at 43 (citing 84 Fed. Reg. 51230 (Sept. 27, 2019)). Accordingly, it is appropriate to include being paid on a salary basis as one of the

33

elements of a white-collar exemption test. However, such an indicator must be carefully balanced against the whole purpose of the exemptions, which is to exempt white-collar employees from both the minimum wage and overtime requirements. *See* 29 U.S.C § 213(a)(1).

On the other hand, 604(b) was established for an entirely different purpose. Even though a salary is an *indicium* of a white-collar employee, the DOL chose to allow employees who were paid on an hourly, daily, or shift basis and performing exempt duties to also qualify for the white-collar exemptions. As the minimum salary level for the salaried, white-collared employees was identified as a minimum suitable wage to demonstrate they were meeting the duties and responsibilities requirement of the exemption, the DOL chose to apply this guaranteed minimum level to hourly and daily employees as well.

This created a conundrum as the DOL recognized that the guaranteed level could potentially result in these hourly employees receiving less than their typical hourly pay but still meeting the guaranteed level during a short work week. So, the DOL inserted an additional requirement of the reasonable relationship test *for these employees* to prevent them from losing their expected weekly pay during a short week.[14]

---

[14] Of course, this concern does not apply to salary employees as their base salary constitutes their pay for a week regardless of how many or how few hours they work.

34

> Thus, if a nurse whose actual compensation is determined on a shift or hourly basis usually earns $1,200 per week, the amount guaranteed must be roughly equivalent to $1,200; the employer could not guarantee such an employee only the minimum salary required by the regulation.

69 Fed. Reg. at 22184 (Apr. 23, 2004). Thus, the issue of the reasonable relationship test and what it was intended to address is unique to those employees who *only* qualify for the exemption through 604(b).

By its plain language, 604(a) specifically authorizes additional payments to salaried exempt employees, including the daily rig bonuses that the DDs were receiving. Section 604(a) states:

> an employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis. Thus, for example, an exempt employee guaranteed at least $455 each week and paid on a salary basis may also receive additional compensation of a 1% commission on sales. An exempt employee may also receive a percentage of the sales or profits of the employer if the employment arrangement also includes a guarantee of at least $455 for each week on a salary basis. Similarly, an exemption is not lost if an exempt employee who is guaranteed at least $455 each week paid on a salary basis also receives additional compensation based on hours worked for hours beyond the normal work week. . . .

29 C.F.R. § 541.604(a). The regulation specifically authorizes an employer to pay additional amounts to exempt employees. It also provides three specific examples of such payments. However, nothing in 604(a) suggests that additional payments are limited to these three examples. Rather, by saying that these are examples, the regulation necessarily implies that other methods are appropriate as well.

35

The district court incorrectly read that regulation as being limited to those specific enumerated examples. In doing so, it interpreted the regulation in a manner that is inconsistent with the ordinary meanings of the words, the overall intent of the regulations, and the governing statute. The district court ignored the fact that the regulation states "for example" and narrowly defined it as only allowing what is specifically stated in that section.

The problems with that interpretation are that it ignores the plain text of 602(a), that the salary need only be part of total compensation and that the rest of the total compensation is undefined. It also ignores that under its interpretation another regulation, 601, which sets the minimum salary level at $684 per week and the minimum annual guaranteed compensation at $107,432 for highly compensated employees. Applying this interpretation results in 601, on its face, violating 604(b)'s reasonable relationship test as 601 permits a three to one ratio between a 602(a) salary and the employee's total compensation.

According to the district court, the only type of time-based pay allowed under 604(a) is for that which falls outside the normal work week. (ROA.3804) Any additional time-based pay during "the normal work week" constitutes base pay and is different from bonuses or "additional pay." (*Id.*) Again, this concept cannot be applied to a salary, which is defined as pay for all hours worked, no matter how many or how few. Moreover, the district court's reasoning cannot be applied to the

36

other provisions in 604(a), such as the sales commission. A sales commission earned by a store manager is obviously earned during the normal work week. It would make no sense to allow that commission during the normal work week but allow hourly pay only for hours outside the normal work week.

Further, the three examples offered in 604(a) do not come close to exhausting all the ways that exempt employees receive additional compensation. Salary exempt employees often receive annual bonuses in many forms, including individual performance, unit performance, car allowances, and the list goes on. Indeed, surely an employer paying its employees a holiday bonus does not result in the employee not being paid on a salary basis, but that is exactly what the district court held and Plaintiffs argue.

By applying the rules of plain English, it is clear that the district court's construal of 604(a) is at odds with the plain language of 604(a). Section 604(a) specifically says that an employer is free to give additional compensation to salaried exempt employees, and it gives three examples. To say that this prohibits employers from giving additional compensation outside those three examples is contrary to the plain meanings of the words and must be rejected. Accordingly, the regulations, on their face, authorize the type of bonus received by the DDs and providing those bonuses does not violate the exemption.

## VI. THE DISTRICT COURT MADE ADDITIONAL ERRORS OF LAW THAT CONTRIBUTED TO ITS ERRONEOUS LEGAL CONCLUSION.

STC has already addressed the district court's errors in interpreting and applying sections 602(a), 604(a), and 604(b). In addition, the district court made other errors in the application of law that also contributed to its erroneous conclusion. These included using the standard for review of factual issues for the *de novo* review of legal conclusions, misapplying waiver and estoppel, and determining that a cognizable claim issue was really an affirmative defense.

### A. The Court Improperly Applied the Standard of Review for Factual Matters to Legal Issues.

The district court properly recognized that there are no factual issues in dispute in this case.[15]

> The pay structure in this case is a combination of a weekly salary that appears to satisfy the salary basis requirement as set out in § 602(a), in addition to pay calculated on a day rate.

(ROA.3241.)

The district court's analysis and conclusions are best summarized in two paragraphs.

> In summary, for the reasons stated by the Magistrate Judge and as supplemented herein, the Court finds that an employer does not pay an

---

[15] "Indeed, the parties identify no material fact in dispute." (ROA.3236) Further, this is confirmed by the underlying evidence and Plaintiffs' admissions in their pleadings that they were paid a salary that meets the requirements of 602(a). The district court acknowledged that the issue in this case was limited to if the salary basis was satisfied. "The only element at issue here is whether Defendant paid Guilbeau and other DDs on a salary basis." (ROA.3239) The district court also noted that on its face, the salary that was paid to the DDs appears to satisfy 602(a).

employee on a salary basis when it uses a hybrid pay structure that pays employees a salary plus a day-rate as base compensation for work within the normal work week. To the extent that there is a salary component that appears to satisfy § 602(a), the appearance is a rouse – an illusion to cover up the computation of an employee's earnings computed on a daily basis – a computation that directly invokes § 604(b) and its reasonable relationship component. *Viewing the summary judgment evidence in a light most favorable to the Plaintiffs, this is the hybrid pay structure utilized by Defendants in this case.*

(ROA.3256 (emphasis added).)

In rejecting *Venable*, the district court states: "as explained later, there are material differences between the facts presented in this case and those presumably presented in *Venable*, to secure the granting of the motion for summary judgment in that case." (ROA.3794.) The district court picks up the same theme later in its order. "In any event, Defendant's position that *Venable* dictates the result in this case ignores the procedural posture of this case compared to that case. The district court in *Venable* granted the employer's motion for summary judgment and denied the partial motion for summary judgment filed by the plaintiffs." (ROA.3802.) The other difference identified by the district court is that "the employees in *Venable* were 'reamers' who 'supervised drillers' and received a salary with 'job bonuses if they provided services to Smith's customers on their drilling rigs.' By comparison, this case involves directional drillers that defendant's contend received similar bonuses." (ROA.3804.)

39

The above are examples where the district court erred by improperly mixing the standards of review for findings of fact and conclusions of law. Factual findings are reviewed in the light most favorable to the non-moving party on a summary judgment motion. *See Smith v. Regional Transit Authority*, 827 F.3d 412, 417 (5th Cir. 2016). Conclusions of law are subject to de novo review. *See Mills v. Davis Oil Co.*, 11 F.3d 1298, 1301 (5th Cir. 1994) ("Legal questions raised by a grant of summary judgment are reviewed *de novo.*") In sum, the district court, on several occasions, reviewed a conclusion of law drawn by the Magistrate Judge from the undisputed facts was subject to the standard of review for a factual finding and both gave deference to the Magistrate Judge's conclusion and viewed it in the light most favorable to Plaintiffs.

The Supreme Court addressed this issue in the context of an immigration appeal in *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 140 S. Ct. 1062 (2020). Therein, the Supreme Court stated:

> Nothing in that language [of the statute] precludes the conclusion that Congress used the term "questions of law" to refer to the application of a legal standard to settled facts.

589 U.S. at 222.

> And, in any event, nothing in those cases forecloses the conclusion that the application of law to settled facts can be encompassed within the statutory phrase "questions of law."

*Id.* at 228.

This Court has also addressed this issue. In *Blackwell v. Barton*, the Court stated that "[t]o the extent the underlying facts are undisputed," courts of appeals could "resolve questions such as probable cause and reasonable suspicion to arrest as questions of law. . . ." 34 F.3d 298, 305 (5th Cir. 1984); *see also Gjetani v. Barr*, 968 F.3d 393, 401 n.1 (5th Cir. 2020) ("'the application of legal standard to undisputed or established facts' is a 'question of law' within the meaning of Immigration and Nationality Act."); *U.S. v. Mackay*, 757 F.3d 195, 197 (5th Cir. 2014) ("We review the District Court's final Order denying Mackay's Rule 36 motion *de novo* because the facts are undisputed, leaving only questions of law."); *Walker v. Braus*, 995 F.2d 77, 80 (5th Cir. 1993) ("Nor does the clearly erroneous standard apply to decisions made by District Court judges when they apply legal principles to essentially undisputed facts.").

All the issues raised in this appeal are questions of law subject to *de novo* review. The conclusions of the Magistrate Judge, such as the payment of both a salary and a day rate converts the Plaintiffs' compensation to day rate pay is not entitled to deference of interpretation in the light most favorable to Plaintiffs.

## B.    The Court Erred in Not Recognizing STC's Cognizable Claim Argument.

STC also argued that, because Plaintiffs do not have a cognizable claim, the district court should not authorize the issuance of notice to the potential members of a collective. STC contended that, under *Swales*, the district court should resolve

STC's cognizable claim as a threshold issue before granting notice.  STC's basis for the cognizable claim was that Plaintiffs could not assert an FLSA claim under the HCE as they had admitted to being paid a salary compliant with 602(a) and that they met the duties test under the HCE exemption.

Plaintiffs could assert a claim only by alleging that their bonuses converted their salary to day-rate employment.  Therefore, Plaintiffs had to assert, as a threshold issue, that their modification to the exemptions test constitutes a cognizable claim.  STC cited several cases in support of its assertion that Plaintiffs' theory was a threshold issue.[16]

The district court summarily dismissed STC's argument for three separate reasons.  The first was that STC's cognizable claim was part of STC's affirmative defense.  As such, STC should resolve that issue at trial and not as a threshold matter.  (ROA.3262.)  The district court also found that the argument should be rejected because STC did not raise that same issue in its MPSJ.  (ROA.3263.)  Accordingly,

---

[16]     *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84–85, 123 S. Ct. 528, 592 (2002); *Cognizant Tech. Sols. Corp. v. Bohrer PLLC*, No. 21-CV-5340 (RA)(KHP), 2022 WL 1720319 (S.D.N.Y. May 25, 2022); *Ellis v. City of Garland*, No. 99-10906, 213 F.3d 636 (Table), 2000 WL 554280, at *1 (5th Cir. April 12, 2000); *Allen v. U.S.*, Nos. A-06-CA-076 LY, A-04-CR-028(1) LY, 2006 WL 1348198, at *2 (W.D. Tex. May 5, 2006); *Dedrick v. Berry*, 573 F.3d 1278, 1280 (Fed. Cir. 2009); *Carlisle v. Con. Rail Corp.*, Civ. A. No. 88-9752, 1990 WL 109896 (E.D. Pa. July 11, 1990); *Pillay v. Sysco. Sys., Inc.*, No. C 09-02226 MHP, 2009 WL 1631752, at *1 (N.D. Cal. June 5, 2009); *Greco v. Adult Diag. & Treatment Ctr.*, No. 05-3869(JAP), 2007 WL 4264544, at *2–3 (D.N.J. Dec. 3, 2007); *Burnett v. McKie*, 723 F. App'x 210, 211 (4th Cir. May 21, 2018). Two cases involved FLSA claims.  *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 865–66 (S.D. Tex. 2014); *Carter v. City of Charleston*, 995 F. Supp. 620, 621 (D.S.C. 1997).

4918-1778-2386, v. 1

the district court found that STC had waived that argument. (*Id.*) Finally, as it equally affected all DDs, it could be resolved after notice went out. (ROA.3264-3265.)

In supporting its finding that the matter was not a threshold issue, the district court found that the issue of the lack of a cognizable claim would only arise "if Defendant carries its burden to establish its affirmative defense." (ROA.3263.) The district court further found that the issue went to the materiality of the case and that Plaintiffs should not be required to muster summary judgment evidence. (ROA.3264.)

The district court's pronouncements are directly contrary to the Fifth Circuit's binding directive in *Swales*. This Court has recognized that the issue of whether or not a plaintiff asserts a cognizable claim is a threshold issue. *Swales* specifically states that the court should resolve threshold issues before authorizing notice to a collective.

> The fact that a threshold question is intertwined with a merits question does not itself justify deferring those questions until after notice is sent out. Just as we held it was improper to ignore evidence of the arbitration agreements in *JPMorgan*, it's improper to ignore evidence of other threshold matters, like whether the plaintiffs are "employees" such that they can bring an FLSA claim.

985 F.3d at 441.

There is a clear difference between STC's affirmative defense and asserting there is a threshold issue. The threshold issue is a pure issue of law, whether

43

employees who are paid a compliant salary and also receive revenue-based bonuses, are paid on a salary basis. If that is resolved in STC's favor, sending out notice was improper as Plaintiffs do not state a claim.

Moreover, to STC's knowledge, every court that has considered this issue as to true salaried employees has resolved this issue in STC's favor.[17] This includes all the cases that have looked specifically at STC's compensation and bonus plans.

### C. The Court Erred in Finding that STC Was Equitably Estopped From Raising a Statutory Argument.

In opposing Plaintiffs' Motion for Notice Under *Swales*, STC also raised the statutory argument that the regulation, as argued, effectively created a minimum wage in violation of the controlling statute. STC objected to the Magistrate Judge's Report and Recommendation as she did not address that argument in her rulings. (ROA.3265.) The district court dismissed the objection for three reasons. First, STC was judicially estopped from making that argument as it relied upon those same

---

[17] *See Wilson v. Schlumberger Tech. Corp*, 80 F.4th 1170 (10th Cir. 2023)*; Hebert v. FMC Tech. Inc.,* No. 22-20562, 2023 WL 4105427 (5th Cir. June 21, 2023); *Litz v. Saint Consulting Grp., Inc.*, 772 F.3d 1, 3–4 (1st Cir. 2014); *Anani v. CVS RX Srvs., Inc.*, 730 F.3d 146, 147–48 (2d Cir. 2013); *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-cv-02267, 2022 WL 992671, at *2 (W.D. La. Mar. 30, 2022); *Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 756 (3rd Cir. 2023)*; Johnson v. Villa Healthcare Mgmt., Inc.*; No. 21 CV 3629, 2023 WL 2266148, at *5–*6 (N.D. Ill. Feb. 28, 2023); *Holladay v. Burch, Oxner, Seale Co., CPAs, P.A.*, No. 4:07-cv-03804-RBH, 2009 WL 614783, at *6 (D.S.C. Mar. 6, 2009); *Trottier v. FieldCore Srvs. Solutions, LLC,* No. 2:20-cv-186-Z-BR, 2022 WL 658765, at *1, *7 (N.D. Tex. Mar. 4, 2022); *Tomaz v. MAX Ultimate Food, Inc.*, No. 19-10533-RGS, 2020 WL 5517458, at *3-*4 (D. Mass. Sept. 14, 2020); *Magnussen v. State*, 2022 WI App 23, 975 N.W.2d 286 (Wis. Ct. App. 2022); The Department of Labor reached the same conclusion in its January 7, 2020, Opinion Letter. Opinion Letter FLSA2020-2, 2020 WL 122924 (U.S. Dep't of Labor, Jan. 7, 2020).

regulations in classifying the employees as exempt. (*Id.*) Second, STC failed to raise the argument in the MPSJ. (*Id.*). Last, even though the Magistrate Judge did not expressly consider the alternative argument, her ruling necessarily indicates that she considered and rejected it. (ROA.3266.)

The district court similarly found that STC waived a number of arguments in its opposition to notice as it did not raise them in its MPSJ. (ROA.3266.) This is wrong. Rule 56(a) specifically allows for summary judgment motions on *a part of* a claim or defense. Case law shows failure to raise an issue on summary judgment does not constitute waiver. "As a general rule, [d]efendants [do] not waive[ ] their . . . defense by failing to raise it in their motion under Rule[ ] . . . 56." *Cleveland Air Servs., Inc. v. Pratt & Whitney Canada*, No. 4:13-cv-1610DMB-DAS, 2016 WL 7634674, at * 3 (N.D. Miss. July 29, 2016) (citing *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) for defenses are not waived if raised in sufficient time).

The district court offered three reasons for rejecting STC's statutory argument. The court stated STC was judicially estopped from arguing that the regulation was contrary to the statute because STC relied on the regulation in asserting its exemption defense. (ROA.3265.) Further, district courts are not required to consider Supreme Court dissents. (ROA.3265-3266.) As to the failure to address STC's statutory argument, the district court stated:

4918-1778-2386, v. 1

> [E]ven though the Magistrate Judge did not expressly consider the alternative argument in making the ruling on the motion for notice, the ruling itself necessarily indicates that the Magistrate Judge rejected the alternative argument . . . Defendant has not shown that such rejection is clearly wrong or contrary to law.

(ROA.3266.)

Judicial estoppel requires a party assuming a position plainly inconsistent with a prior position and *the court* relying upon the prior position. *Fornesa v. Fifth Third Mort. Co.*, 897 F.3d 624, 627 (5th Cir. 2018). STC's answer asserted that the regulation was contrary to the statute, and it has never asserted otherwise. Certainly, the district court did not rely on STC's argument. While a court is not required to give weight to a Supreme Court dissent, that is not a basis to summarily dismiss and argument without consideration. As STC articulated Justice Kavanaugh's dissent in its affirmative defenses and argued it in opposition to the motion for notice, the issue was properly before the district court. And how can STC argue that the Magistrate Judge's determination was wrong if the Magistrate Judge never articulated her reasons?

46

## VIII. STC Is Entitled to Summary Judgment as to Guilbeau and the DD Collective.

When STC first filed the MPSJ, the collective had not been certified, and notice had not been issued. Per the court's order, Plaintiffs issued notice on June 30, 2025, and at this time, 31 opt-ins have enrolled into the case.[18]

The common issue upon which the collective was certified, and notice was issued is that all DDs share the common traits of meeting the duties test of the HCE and being paid on a salary basis. The alleged common unlawful element is that STC's bonus plan, which provides for the accrual of rig pay on a daily basis, converts them to day-rate employees.

Given these facts, if the Fifth Circuit finds that this case is controlled by *Venable*, then STC is entitled to summary judgment on this issue as to the entire DD collective as they all share the same common traits. Accordingly, STC asks that the Fifth Circuit direct the district court to enter judgment in STC's favor on behalf of all the DDs.

### CONCLUSION

The undisputed facts show that the DDs admit to meeting the duties test of the HCE. Further, they are paid a salary that complies with 602(a). Accordingly, this case is controlled by the Fifth Circuit's published *Venable* opinion. As Plaintiffs

---

[18] The opt-in period closed on September 29, 2025.

47

meet the duties test and are paid a 602(a) compliant salary, an employer is free to pay them additional compensation in any amount, in any manner that it chooses. Such payments do not alter their status as exempt under the HCE. Accordingly, the Court should remand this case to the district court with instructions to set aside its orders on review and enter summary judgment against Guilbeau and the DD opt-ins based on their exempt status. STC also asks the Court to consider providing additional guidance to the district courts within the circuit on the issues raised in this appeal.

This Court should reverse the orders of the district court for the reasons set forth above.

Respectfully submitted,

*/s/ Robert P. Lombardi*
Robert P. Lombardi
Samuel Zurik, III
Bryan Edward Bowdler
Benjamin P. Kahn
**THE KULLMAN FIRM, P.L.C.**
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-Mail: rpl@kullmanlaw.com
E-Mail: sz@kullmanlaw.com
E-Mail: beb@kullmanlaw.com
E-Mail: bpk@kullmanlaw.com

**Attorneys for Appellant**

4918-1778-2386, v. 1

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on October 14, 2025, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

*/s/Robert P. Lombardi*
Robert P. Lombardi

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of FED. R. APP. P. 32(A)(7)(B) because:

- this brief contains 12,327 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

2.    This brief also complies with the typeface requirements of FED. R. APP. P. 32(A)(5) and the type requirements of FED. R. APP. P. 32(A)(6) because:

- this brief has been prepared in a proportionally spaced typeface using Microsoft 365 Word Version 2006 with a 14 point font named Times New Roman.

*/s/Robert P. Lombardi*
Robert P. Lombardi

49

4918-1778-2386, v. 1